UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LARRY WELLS, citizen of Mississippi;
DONNA WELLS, citizen of Mississippi;
and
CONNIE FARMER, citizen of Georgia,
Individually and as Personal Representative
of CHARLES FARMER
    Plaintiffs

Case No: 3:12cv564 CWR-FKB

v.

Judge

ROBINSON HELICOPTER CO., Inc.
    Defendant

COMPLAINT
(Jury Demand)

    COME NOW the Plaintiffs, Larry Wells, Donna Wells, and Connie Farmer, Individually and as Personal Representative of Charles Farmer, by and through undersigned counsel, and, as and for the Complaint herein, allege as follows:

### PARTIES

1. Plaintiff, Larry Wells, a citizen of Crystal Springs, MS, as a survivor of the Robinson R-44 helicopter crash, is entitled to recover for his injuries, medical expenses, economic losses, and mental pain and suffering.

2. Plaintiff, Connie Farmer, a citizen of Columbus, GA, is the spouse of Decedent, Charles Farmer, and the duly appointed Personal Representative of the Estate of Charles Farmer, and is authorized to bring this wrongful death action individually and on behalf of the Farmer Estate pursuant to Miss. Code Ann. § 11-7-13.

3. Plaintiff, Donna Wells, a citizen of Crystal Springs, MS, as the spouse of Larry Wells, is entitled to recover for loss of consortium and support as related to Larry Wells' injuries sustained in the helicopter crash.

4. Defendant, Robinson Helicopter Co., (hereinafter "Robinson") is a California Corporation, organized and existing under the laws of the State of California with its principal place of business in Torrance, California, and regularly solicits and does business in the State of Mississippi.

## JURISDICTION

5. This civil action is founded upon complete diversity of citizenship. This court has subject matter jurisdiction over the dispute between Plaintiffs and Defendant pursuant to 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Defendant, Robinson, has contacts with the State of Mississippi that are continuous and systematic, such that the Court has general personal jurisdiction over the defendant.

7. Defendant, Robinson, manufactures helicopters that are routinely and purposefully sold, marketed, and used in Mississippi and has purposefully availed itself of the privileges and benefits of conducting business in Mississippi.

8. The liability of the Defendant, Robinson, arises from the use and crash of its helicopter in Mississippi.

## COMMON ALLEGATIONS

9. On September 1, 2009, Plaintiff, Larry Wells, was piloting the Robinson R-44 N33PX helicopter ("R-44 helicopter"), manufactured and sold by Defendant, Robinson, in Jackson, Mississippi. Plaintiff, Larry Wells, was the pilot in command.

10. Plaintiff, Larry Wells, and Decedent, Charles Farmer, were flying from a private airstrip and proceeding to the nearby Hawkins Airfield while in a traffic pattern between practice approaches the R-44 helicopter began to vibrate substantially. The vibrations were so severe and the pilot in command's vision became blurred and eventually became unable to see due to the violent shaking of the R-44 helicopter.

11. From at least 1993 Robinson was aware of the potential for mast rocking and/or "chugging" in its helicopters. The severe vibration experienced by Larry Wells and Charles Farmer the result of mast rocking, known colloquially to Robinson as "chugging."

12. The chugging was so severe that it led to a series of events resulting in the R-44 helicopter crash into nearby trees, causing substantial and severe injuries to Plaintiff, Larry Wells, and injuries resulting in the death of Charles Farmer.

13. As of September 1, 2009, Plaintiff, Larry Wells, and Decedent, Charles Farmer, were both certificated airline transport pilots. Wells held over 22,000 hours of flight experience and approximately 140 hours in the R-44 and was a commercial pilot and flight instructor with rotocraft- helicopter rating. Similarly, Farmer was an airline transport pilot and flight instructor with a rotorcraft-helicopter rating with over 16,753 hours of flight experience and 4,226 hours in helicopters.

14. The aforementioned incident on September 1, 2009, was caused solely and exclusively by reason of the conduct of the Defendant Robinson.

## COUNT ONE
## NEGLIGENCE

15. Plaintiffs reallege and reaver each and every allegation set forth in the foregoing paragraphs as if fully rewritten here.

16. At all times relevant, Defendant, Robinson, was engaged in the business of designing, testing, developing, manufacturing, fabricating, assembling, distributing, buying, selling, inspecting, servicing, warranting, supplying, and/or modifying the subject R-44 helicopter and its component parts.

17. At all times relevant, Defendant, Robinson, introduced the subject helicopter and its component parts into the stream of commerce when defective in nature, and each defect was of such a nature that the defects would not be discovered in normal inspection and operation by users thereof.

18. Plaintiff, Larry Wells, and Decedent, Charles Farmer, were operating the subject helicopter in a manner that was reasonably foreseeable.

19. At all times relevant, Defendant, Robinson, was negligent, careless, and reckless, and in breach of a duty of due care, among these ways and others, as follows:

    a. Placing the R-44 helicopter into the stream of commerce in a defective condition.

    b. Failing to take appropriate measures to eliminate or reduce the risk of dangerously or defectively designed or manufactured parts.

    c. Failing to design and provide an operation manual or other instructions to users of the helicopter about handling dangerous characteristics such as vibrations, mast rocking, or chugging, brought about by the dangerous and defective design and/or manufacture.

    d. Failing to provide users in general with appropriate warnings and instructions for uses concerning mast rocking and chugging.

    e. Failing to provide Larry Wells appropriate warnings and instructions concerning mast rocking and chugging.

    f. Failing to notify, alert or apprise potential owners, operators or users of Robinson products of the specific dangers and risks of dangerous and defective parts in a manner that owners, operators, and users could make an informed decision about

      avoiding Robinson products or taking appropriate measures to protect themselves against the dangers posed by such products.

20. As a direct and proximate result of the carelessness, recklessness, negligence and breach of duty of care of Defendant, Robinson, Plaintiff's Decedent Charles Farmer, suffered fatal injuries causing a loss to Plaintiff, Connie Farmer, for which she has a right of recovery individually and as personal representative of the Farmer Estate for all damages allowed by law.

21. As a direct and proximate result of the carelessness, recklessness, negligence, and breach of duty of care of Defendant, Robinson, Plaintiff, Larry Wells, suffered severe physical and emotional injuries for which he has a right of recovery and Plaintiff, Donna Wells, his spouse, has a right of recovery for loss of consortium and support and other damages allowed by law.

22. Plaintiffs have incurred economic expenses, including but not limited to funeral, burial and incidental expenses for the Decedent, Charles Farmer. As a direct and proximate result of the conduct of the Defendant, Robinson, Plaintiffs, individually and collectively, seek to recover all of their damages to which they are entitled and which will be stated according to proof.

## COUNT TWO
## STRICT LIABILITY

23. Plaintiffs reallege and reaver each and every allegation set forth in the foregoing paragraphs as if fully rewritten here.

24. At all relevant times Defendant, Robinson, was the designer, manufacturer, distributor, and seller of the R-44 helicopter that is the subject of this lawsuit.

25. At the time of the flight at issue, the R-44 helicopter operated by Plaintiff, Larry Wells was in substantially the same condition as when it left the possession of Defendant, Robinson.

26. The R-44 helicopter was used in a way that was reasonably foreseeable to Defendant, Robinson, and the design of the R-44 helicopter was a substantial factor in causing the subject crash, the injuries to Plaintiff, Larry Wells, the death of Decedent, Charles Farmer, and damages to the Plaintiffs collectively.

27. The R-44 helicopter and its component parts were defective and unreasonably dangerous by reason of defective design, manufacture, or marketing and the failure of the Defendant, Robinson, to give adequate and proper warnings of the dangers existing therein and adequate instructions regarding the avoidance of such dangers. The design and manufacture of the R-44 helicopter were below minimum standards and placed the Plaintiffs and the public in general to an unreasonable risk of harm.

## COUNT THREE
## BREACH OF WARRANTY

28. Plaintiffs reallege and reaver each and every allegation set forth in the foregoing paragraphs as if fully rewritten here.

29. Defendant, Robinson, expressly and impliedly represented that the subject R-44 helicopter was safe, airworthy, and free of unreasonably dangerous defects.

30. Defendant, Robinson, did not disclose that the R-44 helicopter was subject to chugging that made the helicopter extremely susceptible to crashes.

31. Defendant, Robinson, holds itself out to consumers as the world's leading producer of civil helicopters, for being known worldwide for high performance, reliable helicopters, and for placing great emphasis on research, development, and maintenance of

32. Defendant, Robinson, holds itself out to the public as having superior knowledge, skill, and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and its component parts; and, in the course of business as aerospace manufacturers, Defendants designed, constructed, assembled, manufactured, inspected, serviced, converted, and tested the R-44 helicopter and its component parts.

33. Plaintiffs' injuries were a result of the breach of implied and express warranties on the part of Defendant, Robinson, that the R-44 helicopter manufactured by the Defendant, Robinson, would properly function when all parts were inspected and in working order. The failure of the helicopter to be fit for the ordinary purpose of functioning properly, pursuant to Miss. Code Ann. § 75-2-314, is a breach of warranty, both express and implied, as well as a breach of fitness and merchantability.

34. Plaintiffs have suffered past, present, and future medical expenses, lost wages, past, present and future mental and physical pain and suffering, and loss of enjoyment of life as a result of the breach of warranty and negligence of the Defendant, Robinson.

## COUNT FOUR
## POST-MANUFACTURE FAILURE TO WARN

35. Plaintiffs reallege and reaver each and every allegation set forth in the foregoing paragraphs as if fully rewritten here.

36. At all times relevant, Defendant, Robinson, was in the business of selling R-44 helicopters.

37. At the time the subject R-44 helicopter left the control of the Defendant, the R-44 helicopter was defective because it failed to contain adequate warnings, manuals, training and/or instructions to the purchaser, owner, and user that a reasonably prudent manufacturer and seller of helicopters would have provided, and which likewise would

communicate sufficient information on the dangers and safe use of the R-44 helicopter, taking into account the characteristics of, and knowledge common to a certificated pilot who uses the R-44 helicopter and like aircraft.

38. Defendant, Robinson, knew about the dangers that caused the damage for which the Plaintiffs now seek recovery for at the time the R-44 helicopter left its control.

39. At the time that the R-44 helicopter left the control of Defendant, Robinson, an ordinary pilot would not recognize the dangers posed by the R-44 helicopter.

40. The failure of Defendant, Robinson, to provide adequate warnings of the dangers posed by the R-44 helicopter rendered it unreasonably dangerous to its users and consumers.

41. The failure of Defendant, Robinson, to include adequate warnings, manuals, training, and instructions was the proximate cause of the Plaintiffs' collective damages.

## COUNT FIVE
## LOSS OF CONSORTIUM

42. Pursuant to Miss. Code Ann. § 93-3-1, and as a direct and proximate result of the conduct of the Defendant, Robinson, Plaintiffs, Connie Farmer and Donna Wells, suffered the loss of consortium.

## COUNT SIX
## WRONGFUL DEATH

43. Plaintiff, Connie Farmer, realleges and reavers each and every allegation set forth in the foregoing paragraphs as if fully rewritten here.

44. Plaintiff, Connie Farmer, pursuant to Miss. Code. Ann. § 11-7-13, brings this claim for the exclusive benefit of the next of kin of the Decedent, Charles Farmer.

45. As a direct and proximate result of the negligence of the Defendant, Robinson, the Decedent, Charles Farmer, suffered a wrongful death.

## COUNT SEVEN
## SURVIVAL ACTION

46. Plaintiff, Connie Farmer, realleges and reavers each and every allegation set forth in the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff, Connie Farmer, pursuant to Miss. Code Ann. § 11-7-13 brings this claim as Personal Representative of the Estate of Decedent, Charles Farmer, for the injuries and damages sustained by Decedent, Charles Farmer, prior to his death, for the benefit of the Estate of Charles Farmer.

48. As a direct and proximate result of the foregoing negligence by Defendant, Robinson, the Decedent, Charles Farmer, suffered personal and pecuniary damages, including conscious pain and suffering, psychological trauma, and anticipation of his death, prior to his death, which resulted in physical manifestations; and had he survived, he would have been entitled to bring an action for such damages as though said action has survived.

## COUNT EIGHT
## EXEMPLARY DAMAGES

49. Plaintiffs reallege and reaver each and every allegation set forth in the foregoing paragraphs as if fully rewritten herein.

50. At all times and places mentioned herein, Defendant, Robinson, so recklessly tested, manufactured, marketed, distributed, and maintained for sale the R-44 helicopter without a warning as to proper usage making said helicopter unsafe for the use in the way and manner such helicopters are normally used, so as to amount to willful and wanton disregard for the safety, health, and welfare of Plaintiff, Larry Wells, and Decedent, Charles Farmer, and others in their position whom Defendant, Robinson, knew or reasonably should have anticipated, would be exposed to the dangerous conditions created by the R-44.

51. Defendant, Robinson, had knowledge and reports of dangerous chugging problems experienced by numerous R-44 helicopters and consciously ignored and failed to remedy such an inherently negligent design. Defendant, Robinson, engaged in willful and wanton disregard for the safety, health, and welfare of the Plaintiff, Larry Wells, and Decedent, Charles Farmer, and other in their position that Defendant, Robinson, knew or reasonably should have anticipated, would be exposed to the dangerous conditions created by the R-44 helicopter, and therefore, Plaintiffs are entitled to an award of exemplary or punitive damages pursuant to Miss. Code Ann. § 11-1-65.

WHEREFORE, Plaintiffs, demand judgment against Defendants for compensatory damages, prejudgment interest, exemplary damages, plus the cost of this action, as well as any other additional reliefs as the Court deems proper and just.

PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS ACTION,

Respectfully submitted,

LOUIS H. Watson, Jr., Bar No. 9053
Louis H. Watson, Jr., P.A.

628 N State St
Jackson, MS 39202
(P) 601-968-0000
(F) 601-968-0010
Louis@louiswatson.com



s/Michael J. Pangia
MICHAEL J. PANGIA
To be admitted *pro hac vice*
Anderson Pangia & Associates
1717 N STREET NW
WASHINGTON, D.C.
(P) 202-955-6450
(F) 202-955-9444
Mike.law@verizon.net



s/Douglas P. Desjardins
DOUGLAS P. DESJARDINS
To be admitted *pro hac vice*
Transportation Injury Law Group
1717 N STREET NW
WASHINGTON, D.C.
(P) 202-638-5300
(F) 202-393-1725
dpd@transportinjurylaw.com