IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **LARRY WELLS; DONNA WELLS;** *and* **CONNIE FARMER,** *individually and as personal representative of Charles Farmer* | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 3:12-CV-564-CWR-FKB** |
| **ROBINSON HELICOPTER CO., INC.** | **DEFENDANT** |

*consolidated with*

| | |
|---|---|
| **WEBB GROUP, L.P.** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:12-CV-613-CWR-FKB** |
| **ROBINSON HELICOPTER CO., INC.** | **DEFENDANT** |

## ORDER

Before the Court is a motion filed by the Wells plaintiffs which seeks to strike the NTSB's probable cause report, and references to that report, from the record. Docket No. 153. The motion contends that the defendant's filings inappropriately attach and reference the NTSB report in violation of 49 U.S.C. § 1154(b) and 49 C.F.R. § 835.2. *Id.*

The defendant concedes that the NTSB report is inadmissible at trial, but says that the references were for the Court's background and that the Court can disregard the report in adjudicating the pending motions. Docket No. 160.

Federal law provides that "[n]o part of a report of the [National Transportation Safety] Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." 49 U.S.C. § 1154(b). This law "flatly prohibits the NTSB accident report from being admitted into evidence

in any suit for damages arising out of accidents investigated by the NTSB." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998) (citation omitted).

> The simple truth here is that NTSB investigatory procedures are not designed to facilitate litigation, and Congress has made it clear that the Board and its reports should not be used to the advantage or disadvantage of any party in a civil lawsuit. In our view, this congressional mandate could not be clearer.

*Chiron Corp. & PerSeptive Biosystems v. Nat'l Transp. Safety Bd.*, 198 F.3d 935, 940 (D.C. Cir. 1999). "A 'factual accident report,' on the other hand, is 'an investigator's report of his investigation of the accident.' Because this report is not a 'report of the Board,' it is not barred by the statute and is therefore admissible." *Id.* (citation omitted).

Given the statute, regulation, and case law, the motion must be granted. As the plaintiffs suggest, moreover, the fact that the statute prohibits both the admission of NTSB reports into evidence *and* their "use[] in a civil action" suggests that the reports should not be referenced in filings at all, even if the jury will never see them. The Court trusts the parties will not reference the NTSB probable cause report again.

**SO ORDERED**, this the 12th day of March, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE