IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY WELLS; DONNA WELLS;** *and*                                            **PLAINTIFFS**
**CONNIE FARMER,** *individually and as*
*personal representative of Charles Farmer*

**V.**                                                                         **CAUSE NO. 3:12-CV-564-CWR-FKB**

**ROBINSON HELICOPTER CO., INC.**                                              **DEFENDANT**

*consolidated with*

**WEBB GROUP, L.P.**                                                           **PLAINTIFF**

**V.**                                                                         **CAUSE NO. 3:12-CV-613-CWR-FKB**

**ROBINSON HELICOPTER CO., INC.**                                              **DEFENDANT**

**ORDER**

Three motions in limine remain pending in this product liability and warranty case. Docket Nos. 223, 231, & 236; *see Wells v. Robinson Helicopter Co.*, No. 3:12-CV-564, 2015 WL 1189847 (S.D. Miss. Mar. 16, 2015). The motions are thoroughly briefed and ready for adjudication.

**I.      Defendant's Motion to Exclude Evidence of Other Accidents [236]**

Robinson moves to exclude all evidence of other accidents. Docket No. 237. Its principal argument is that "the other accidents involve different circumstances, models and ages of helicopter, and pilot skill levels." *Id.* at 2. The plaintiffs respond that the accidents are substantially similar and (at a minimum) show that Robinson was on notice of mast rocking before it sold the subject helicopter to Webb Group.

"Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defective design." *Jackson v.*

*Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986) (citations omitted). This evidence "might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980) (citations omitted).

> The question of admissibility of substantially similar accidents is necessarily determined on a case-by-case basis, with consideration to be given to any number of factors, including the product or component part in question, the plaintiff's theory of recovery, the defenses raised by the defendant, and the degree of similarity of the products and of the other accidents.

*Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 426 (5th Cir. 2006).

"Substantial similarity does not require an exact match." *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x 630, 638 (5th Cir. 2010) (unpublished). The Fifth Circuit has dismissed as "disingenuous[]" the argument that all accidents are unique and no prior accidents are admissible, declining to adopt "such a narrow and unrealistic view of the matter." *Jackson*, 788 F.2d at 1083; *e.g.*, *Brazos River*, 469 F.3d at 427 ("Because all the other fires appeared to involve at least two of these characteristics, they are 'similar' to the occurrence at BRA; the jury is to decide the weight to be given to any distinguishing factors."). The appellate court has instead ruled that "[t]he 'substantially similar' predicate for the proof of similar accidents is defined, again, by *the defect* (or, as we have also termed it, the product) at issue." *Jackson*, 788 F.2d at 1083 (emphasis added).

The "substantially similar" standard is lowered to "reasonable similarity" when other accidents are introduced to show that the defendant was on notice of the defect when it sold the product to the plaintiff. *See Johnson v. Ford Motor Co.*, 988 F.2d 573, 580 (5th Cir. 1993); *Willis v. KIA Motors Corp.*, No. 2:07-CV-62, 2009 WL 2351766, *1 (N.D. Miss. July 29, 2009);

2

*Bradley v. Cooper Tire & Rubber Co.*, No. 4:03-CV-94, 2007 WL 4624613, *3 (S.D. Miss. Aug. 3, 2007). "Any differences in the circumstances surrounding these occurrences go merely to the weight to be given the evidence." *Jackson*, 788 F.2d at 1083 (citations omitted).

The plaintiffs argue that accidents in California, Ohio, Florida, Northern Ireland, and Alaska are substantially similar to ours because, like our accident, they were R-44 helicopters with the same forward mounts[1], which experienced a severe vibration, leading to an unanticipated landing or crash. Robinson's reply points out a number of factual differences in the accidents, such as the model and weight of the helicopters involved, as well as the resulting damage and injuries sustained from the accidents. *See* Docket No. 264.

The Court has combed through the five briefs submitted on this issue and reviewed the parties' competing charts highlighting similarities and differences between the six accidents. In accordance with precedent it has placed more weight on the similarities of the product involved and the alleged defect, and less weight on other features of the accidents.

The most difficult question has been whether differences between the R-44 helicopter models are material to the similarity of the other accidents. Our crash involved a R-44 Raven I. Of the other accidents proffered by the plaintiffs, one involves the same model, one involves a R-44 Astro, and three involve a R-44 Raven II.

The testimony of Robinson's expert, Dr. Orloff, has been helpful on this question. Dr. Orloff has some familiarity with the California case, which involved a Raven II; he was designated as an expert by the plaintiffs in that case. While Dr. Orloff acknowledges in his deposition that there could be subtle differences between *every* helicopter, the significant difference he identifies between our accident and the California accident is not the model, but

---

[1] Robinson's sur-sur-rebuttal says the plaintiffs haven't actually shown that the mounts were the same. But it seemed to be undisputed in earlier briefing that the issue was not whether the mounts were the same, but the length of time they had been in service on each helicopter. *See* Docket Nos. 237, at 18; 257.

instead that in our case Robinson flight-tested the helicopter for mast-rocking tendencies before delivering it to Webb Group. Docket No. 128-1, at 22. To the extent there is ambiguity, Dr. Orloff later clarified that differences between the models did not matter to mast rocking tendencies. *Id.* at 29 ("There is no difference between R44s. Some have more propensity and are easier to induce when you are out of limits than others. That's the only difference, is the degree.").

Given this testimony on the models, the briefing, and the comparison charts, the Court is persuaded that the California accident is substantially similar to the subject accident. The products, alleged defect, number of occupants, weight, damage, and injuries, while not identical, are substantially similar. The same review also indicates that the Ohio and Florida accidents are substantially similar to the subject accident. They too were flights with one or two passengers and no weight problem which sustained significant damage after experiencing severe vibrations. Whether that vibration constituted mast rocking or was caused by something else is a question reserved for the jury.

Less clear is whether the accidents in Northern Ireland and Alaska are substantially similar or reasonably similar to the subject accident (or neither). On one hand, focusing on the product and the allegedly defective part weighs in favor of inclusion. On the other hand, the occupancy and weight of these helicopters at the time of these accidents may constitute conditions sufficiently different as to warrant their exclusion from evidence. A ruling on the admissibility of these accidents will have to be reserved for trial.

The motion is denied. Robinson has reserved its hearsay objections in this motion for the appropriate time.

**II.      Plaintiffs' Motion to Exclude Meunier and Anderson Statements [223]**

The plaintiffs seek to exclude statements by David Meunier and Wilson Anderson. Meunier was the pilot in the Florida accident; Anderson was the pilot in the Ohio accident. The plaintiffs argue that the statements are unauthenticated, unsworn, and hearsay, and were produced outside of the discovery period. Robinson contends that the statements help explain errors in the NTSB's Safety Recommendation, as well as help explain the Florida and Ohio accidents, and are admissible as a hearsay exception under Federal Rule of Evidence 804(b)(3).

Although limited evidence on the Florida and Ohio accidents will be admitted given the similarity of those accidents to our own, these statements in particular are indeed unauthenticated, unsworn, and inadmissible. Robinson's hearsay exception argument is unconvincing because these letters do not satisfy the criteria of Rule 804(b)(3) and because there is no showing that the witnesses are unavailable under Rule 804(a). *See Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 282-83 (5th Cir. 1991).

The motion is granted.

**III.     Plaintiffs' Motion to Exclude Morris Video Statement [231]**

The plaintiffs seek to exclude the video deposition of David Morris, during which Morris testified from Australia. They contend that Morris' testimony was unsworn and conducted without adhering to the requirements of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Counsel for plaintiffs preserved their objection by articulating it at the beginning of the deposition.

The motion is not well-taken for the reasons stated by Robinson in its response brief.[2] The Hague Convention is optional. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist.*

---

[2] Robinson's motion for leave to file a supplemental response on this topic, Docket No. 260, is granted.

*Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). And the video reflects that Morris was in fact sworn in by an Australian court reporter.

The plaintiffs urge that Morris' testimony is nonetheless untrustworthy and unreliable because he refused to state the pilot's name or provide the registration number of the helicopter he testified about. The latter piece of information may lead to relevant evidence, but the objection will not suffice to exclude Morris' testimony since during his deposition he said he did not have the registration number of that helicopter. Docket No. 232-1, at 39.

Finally, it is also relevant to the Court that the plaintiffs raised no objection before the Magistrate Judge to the taking of this deposition, and subsequently appeared at the deposition and protected the interests of their clients throughout.

The motion is denied.

**SO ORDERED**, this the 2d day of July, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
